1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   OSCAR JIMENEZ,

11              Petitioner,              No. 2:12-cv-2829 KJM KJN P

12        vs.

13   DAVID B. LONG,[1]                   ORDER AND

14              Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16   I.  Introduction

17              Petitioner is a state prisoner, proceeding without counsel, with an application for

18   petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is

19   respondent's motion to dismiss the habeas petition as barred by the statute of limitations.  For the

20   reasons set forth below, respondent's motion should be granted.

21   II.  Legal Standards

22              On April 24, 1996, the Antiterrorism and Effective Death Penalty Act

23   ("AEDPA") was enacted.  Section 2244(d)(1) of Title 8 of the United States Code provides:

24   ////

25   _____

26        [1]  David B. Long is the current Warden of Ironwood State Prison, and is substituted as
     respondent in place of Timothy Busby.  Fed. R. Civ. P. 25(d).

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2).

III.  Chronology

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1.  On June 16, 2009, in the Sacramento County Superior Court, petitioner was convicted of being an inmate in possession of a deadly weapon.  (Respondent's Lodged Document ("LD") 1.)  In a bifurcated proceeding, the court found five strike prior allegations to be true.  (LD 2.)  On October 16, 2009, petitioner was sentenced to twenty-five years to life in state prison.  (LD 1-2.)

2.  Petitioner filed an appeal.  On August 3, 2010, the California Court of Appeal, Third Appellate District, affirmed petitioner's conviction.  (LD 2.)

////

1          3.  Petitioner filed a petition for review in the California Supreme Court, which

2    was denied without comment on October 13, 2010.  (LD 3.)

3          4.  On August 31, 2011,[2] petitioner filed a petition for writ of habeas corpus in the

4    Sacramento County Superior Court, Case No. 11F06600.  (LD 4.)  Petitioner raised eleven

5    claims.  The petition was denied on the merits on October 19, 2011.  (LD 5.)

6          5.  On November 16, 2011,[3][4] petitioner filed a second petition for writ of habeas

7    corpus in the Sacramento County Superior Court, raising two claims:  appellate counsel defaulted

8    claims, and defense counsel failed to investigate mitigating factors during sentencing.  (LD 6.)

9    On January 10, 2012, the petition was denied as successive and untimely, citing In re Robbins, 18

10   Cal. 4th 770, 811-12 (1998); In re Clark, 5 Cal.4th 750, 774-75 (1993); In re Swain, 34 Cal.2d

11   300 (1949).  (LD 7.)

12   _____

13        [2]  Petitioner's state court habeas petitions are given benefit of the mailbox rule.  See
     Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date
14   prisoner delivers it to prison authorities).

15        [3]  Both copies provided by the parties reflect this petition was filed in the Sacramento
     County Superior Court on November 23, 2011.  (Dkt. No. 1 at 303; LD 6.)  Petitioner's copy of
16   the petition reflects a mailing date of November 16, 2011.  (Dkt. No. 1 at 314.)  Respondent's
     copy of the petition reflects a mailing date of November 21, 2011.  (LD 6.)  The certificate of
17   service appended to petitioner's copy reflects someone altered the date on which he claimed he
     served the document.  (Dkt. No. 1 at 314:12.)  Respondent's copy clearly reflects this date as
18   October 17, 2011.  (LD 6 at 11.)  However, respondent also provided an exhibit page after the
     certificate of service page which reflects a November 16, 2011 date.  (LD 6 at 12.)  In addition,
19   on respondent's copy, the signatures appended to the November 21, 2011 dates differ from the
     signature on the page dated November 16, 2011.  (LD 6 at 6, 10-12.)  The signature on the page
20   dated November 16, 2011, is more consistent with petitioner's signature on the instant petition.
     (Dkt. No. 1 at 24.)  In an abundance of caution, the court will use the November 16, 2011 date.
21
          [4]  Petitioner claims that on November 21, 2011, he filed a petition for writ of habeas
22   corpus in the California Court of Appeals, Third Appellate District, raising two unidentified
     claims.  (Dkt. No. 12 at 8, 28-29.)  However, the petition provided does not bear an endorsed
23   filed stamp by the Court of Appeals, and petitioner provided no case number for this filing.  The
     California Courts website reflects petitioner only filed two cases in the Court of Appeals:  People
24   v. Jimenez, C063761, which was petitioner's direct appeal from the underlying conviction; and
     In re Oscar Jimenez on Habeas Corpus, C070394, which was the petition for writ of habeas
25   corpus filed on February 21, 2012.  California Courts, The Judicial Branch of California,
     Appellate Courts Case Information, http://appellatecases.courtinfo.ca.gov/search/
26   searchResults.cfm?dist=3&search=party (last visited March 11, 2013).

6. On February 12, 2012,[5] petitioner filed a petition for writ of habeas corpus in the California Court of Appeals, Third Appellate District, Case No. C070394 (LD 8.)  Petitioner raised the following claims in this petition:  defense counsel failed to investigate mitigating factors during sentencing; and appellate counsel defaulted claims on habeas and direct appeal. (Dkt. No. 12 at 70-95.)  On March 1, 2012, the petition was denied without comment.  (Id.)

7. On April 12, 2012,[6] petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  (LD 9.)  On October 17, 2012, the petition was denied.  (LD 10.)

8. On October 30, 2012, pursuant to Rule 3(d) of the Federal Rules Governing Section 2254 Cases, the instant action was constructively filed.  (Dkt. No. 1 at 54.)

IV.  Statutory Tolling

The limitation period is statutorily tolled during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ."  28 U.S.C. § 2244(d)(2).  A state petition is "properly filed," and qualifies for statutory tolling, if "its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  Artuz v. Bennett, 531 U.S. 4, 8 (2000).  Statutory tolling is not available for a state habeas petition that is "improperly filed" because untimely under California law.  Lakey v. Hickman, 633 F.3d 782, 785 (9th Cir. Feb. 10, 2011) (citing, inter alia, Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005)).  Thus, "[t]he period between a California lower court's denial of review and the filing of an original petition in a higher court is tolled -- because it is part of a single round of habeas relief -- so long as the filing is timely under California law."  Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010).  However, when a petitioner

---

[5] Respondent was unable to obtain a copy of the petition, and used the February 21, 2012 filing date noted on the court's docket sheet.  Petitioner provided a copy of the petition, which reflects the petition was mailed on February 12, 2012.  (Dkt. No. 12 at 95.)

[6] The petition bears two signature dates by petitioner.  One is April 12, 2012, and the other is May 14, 2012.  (Id.)  Petitioner states that he mailed it on April 12, 2012, and the Clerk received it on April 30, 2012; however, because petitioner failed to sign the petition, the Clerk returned it to petitioner.

1   filed multiple state habeas petitions, "[o]nly the time period during which a round of habeas

2   review is pending tolls the statute of limitation; periods between different rounds of collateral

3   attack are not tolled."[7]  Banjo, 614 F.3d at 968 (citation omitted).

4   V.  Analysis - Statutory Tolling

5           Here, the California Supreme Court denied the petition for review on October 13,

6   2010.  Petitioner's conviction became final ninety days later, on January 11, 2011, when the time

7   for seeking certiorari with the United States Supreme Court expired.  Bowen v. Roe, 188 F.3d

8   1157 (9th Cir. 1999).  The AEDPA statute of limitations period began to run the following day,

9   on January 12, 2011.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Absent tolling,

10  petitioner's last day to file his federal petition was on January 12, 2012.

11          The limitations period ran from January 12, 2011, to August 31, 2011, when

12  petitioner filed his first petition for writ of habeas corpus in state court.  Thus, of the one year

13  statute of limitations period, 231 days expired by August 31, 2011.  The statute of limitations

14  period was then tolled from August 31, 2011, through October 19, 2011, the date the petition for

15  writ of habeas corpus was denied.  See Pace, 544 U.S. at 414.  Accordingly, on October 19, 2011,

16  petitioner had 134 days left in the statute of limitations period.

17          On November 16, 2011, petitioner filed a second petition in the Sacramento

18  County Superior Court, which was denied on January 10, 2012.  Petitioner is not entitled to

19  statutory tolling for the interval between the denial of petitioner's first state habeas petition by

20  the Sacramento County Superior Court, and the date petitioner filed a second habeas petition in

21

22          [7]  The Ninth Circuit has articulated a "two-part test to determine whether the period
     between the denial of one petition and the filing of a second petition should be tolled.  First, we
23   ask whether the petitioner's subsequent petitions are limited to an elaboration of the facts relating
     to the claims in the first petition.  If the petitions are not related, then the subsequent petition
24   constitutes a new round of collateral attack, and the time between them is not tolled.  If the
     successive petition was attempting to correct deficiencies of a prior petition, however, then the
25   prisoner is still making "proper use of state court procedures," and habeas review is still pending.
     Second, if the successive petition was not timely filed, the period between the petitions is not
26   tolled."  Banjo, 614 F. 3d at 968-69 (citations and internal quotation marks omitted).

                                                    5

1  the Superior Court,[8] because in pursuing his subsequent state habeas petitions, petitioner did not

2  go from a lower state court to a higher state court.  See Banjo, 614 F.3d at 968 ("Only the time

3  period during which a round of habeas review is pending tolls the statute of limitations; periods

4  between different rounds of collateral attack are not tolled."); Biggs v. Duncan, 339 F.3d 1045,

5  1048 (9th Cir. 2003) (finding that petitioner "kicked off a new round of collateral review" when

6  he filed a non-ascending petition in the Superior Court, and was "no longer pursuing his

7  application for habeas relief up the ladder of the state court system")

8          Petitioner is also not entitled to statutory tolling for his second habeas petition

9  because petitioner made no argument in his second petition regarding why the Superior Court

10 should reconsider his claims.  Under these circumstances, the second state habeas petition filed in

11 the Superior Court cannot be considered to be an attempt to correct deficiencies of the first

12 petition.  See Hemmerle v. Schriro, 495 F.3d 1069, 1076 (9th Cir. 2007) (petitioner was not

13 entitled to interval tolling between post-conviction petitions in superior court because second

14 petition did not "correct" or "remediate deficiencies" in first petition); King v. Roe, 340 F.3d

15 821, 823 (9th Cir. 2003) (petitioner was not entitled to interval tolling between habeas corpus

16 petitions because his later-filed series of petitions "made no attempt to correct his prior petition,

17 and therefore were not offered simply to remediate deficiencies"), abrogated on other grounds by

18 Evans, 546 U.S. at 189.

19          Finally, the second petition filed in the Sacramento County Superior Court cannot

20 provide tolling because it was found untimely by the state court.  The AEDPA tolls the statute of

21 limitations during the period in which a "properly filed" application for post-conviction relief is

22 pending.  See 28 U.S.C. § 2244(d)(2).  However, a petition cannot be considered "properly filed"

23 for purposes of the AEDPA statutory tolling when the state court denies a habeas petition as

24

25         [8]  Petitioner's November 16, 2011 petition for writ of habeas corpus filed in the
   Sacramento County Superior Court raised two new issues not contained in the first habeas
   petition (dkt. no. 12 at 9), and is therefore considered a second round of habeas review.  Banjo,
26 614 F.3d at 968.

1   untimely.  See Trigueros v. Adams, 658 F.3d 983, 988-89 (9th Cir. 2011) (statutory tolling under

2   § 2244(d)(2) is unavailable where a state habeas petition is deemed untimely under California's

3   timeliness standards."); Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007).

4            Therefore, petitioner's second state habeas petition filed in the Superior Court,

5   had no effect on the limitations period.

6            Petitioner's next filing was on February 12, 2012, when he filed a petition for writ

7   of habeas corpus in the California Court of Appeal.  However, this filing was part of petitioner's

8   second round of habeas relief because it raised the claims contained in the second petition filed in

9   the superior court.  Even though the Court of Appeal denied the petition without comment, this

10  court must "look through" the silent disposition to the last reasoned decision from the

11  Sacramento County Superior Court.  See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) ("Where

12  there has been one reasoned state judgment rejecting a federal claim, later unexplained orders

13  upholding that judgment or rejecting the same claim rest upon the same grounds.")  Because the

14  Sacramento County Superior Court found the second petition untimely, petitioner's filing in the

15  state Court of Appeal is also untimely.

16           Petitioner's next filing was in the California Supreme Court on April 12, 2012.

17  However, by April 12, 2012, the statute of limitations period had expired.  Because petitioner's

18  second and third state court filings had no tolling effect, the statute of limitations period began to

19  run again on October 19, 2011, when petitioner had 134 days left in the statute of limitations

20  period.  The deadline expired on Thursday, March 1, 2012, before petitioner filed his petition in

21  the California Supreme Court on April 12, 2012.  The filing of a state habeas petition after the

22  limitations period expired cannot revive the statute of limitations, and has no tolling effect.

23  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482

24  (9th Cir. 2001) (where petitioner filed his state post-conviction relief petition after AEDPA

25  statute of limitations period expired, delay results in absolute time bar.)  Thus, the petition filed

26  in the California Supreme Court had no tolling effect on the limitations period.

1    Petitioner did not file his federal petition until October 30, 2012, which was 243

2  days after the statute of limitations period expired.  Thus, absent equitable tolling, the instant

3  petition is time-barred.

4  VI.  Equitable Tolling

5    Equitable tolling is available to toll the one-year statute of limitations available to

6  28 U.S.C. § 2254 habeas corpus cases.  Holland v. Florida, 130 S. Ct. 2549, 2560 (2010).  A

7  litigant seeking equitable tolling must establish:  (1) that he has been pursuing his rights

8  diligently; and (2) that some extraordinary circumstance stood in his way.  Pace, 544 U.S. at 418.

9  The Ninth Circuit has explained:

> To apply the doctrine in "extraordinary circumstances" necessarily
> suggests the doctrine's rarity, and the requirement that
> extraordinary circumstances "stood in his way" suggests that an
> external force must cause the untimeliness, rather than, as we have
> said, merely "oversight, miscalculation or negligence on [the
> petitioner's] part, all of which would preclude the application of
> equitable tolling.

14  Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted),

15  cert. denied, 130 S. Ct. 244 (2009); see also Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir.

16  2003) (petitioner must show that the external force caused the untimeliness).  It is petitioner's

17  burden to demonstrate he is entitled to equitable tolling.  Espinoza-Matthews v. People of the

18  State of California, 432 F.3d 1021, 1026 (9th Cir. 2005).

19    Here, the petition provides no basis for equitable tolling.  (Dkt. No. 1.)  Moreover,

20  petitioner did not address the issue of equitable tolling in his opposition to the motion, and

21  alleged no facts that would support such a claim.  (Dkt. No. 45.)  Thus, petitioner failed to

22  demonstrate that he is entitled to equitable tolling.  Accordingly, the undersigned finds that

23  petitioner has not met his burden of demonstrating the existence of grounds for equitable tolling.

24  See Pace, 544 U.S. at 418 (petitioner bears burden of demonstrating grounds for equitable

25  tolling); Espinoza–Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005).

26  ////

VII. <u>Request to Amend</u>

  In his opposition, petitioner sought leave to amend to delete his untimely claims if the court found the claims raised in his first superior court petition were timely filed.  However, as set forth above, the statute of limitations period expired before petitioner filed his petition in the California Supreme Court.  Thus, none of his claims were timely filed.  Petitioner's motion to amend should also be denied.

VIII. <u>Conclusion</u>

  IT IS HEREBY ORDERED that David B. Long, current Warden of Ironwood State Prison, is substituted as respondent in place of Timothy Busby; and

  IT IS RECOMMENDED that:

  1.  Respondent's February 4, 2013 motion to dismiss (dkt. no. 10) be granted;

  2.  Petitioner's motion to amend (dkt. no. 12) be denied; and

  3.  This action be dismissed.

  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>,

////

////

1   951 F.2d 1153 (9th Cir. 1991).

2   DATED:  March 14, 2013

3

4                                     _____

5                                     KENDALL J. NEWMAN
                                      UNITED STATES MAGISTRATE JUDGE

6   jime2829.mtd

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26